UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA MARIA CROWE, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br>v.<br><br>EXAMWORKS, INC. (formerly known as IME RESOURCES LLC, MES GROUP) WESLEY CAMPBELL, J.MIGUEL FERNANDEZ Di CASTRO,  and CRYSTAL PATMORE<br><br><br>Defendant. | Civil Action No. 1:13-cv-10249 |

## FIRST AMENDED COMPLAINT

This is an action by plaintiff and all others similarly situated for misclassification as exempt under the Fair Labor Standards Act ("FLSA") and Massachusetts wage-hour laws.  Both in that wrongful exempt capacity and once reclassified as non-exempt on September 28, 2012, this is also an action by plaintiff and all others similarly situated for failure to pay for all time worked under the FLSA and Massachusetts wage-hour law.

## FACTUAL ALLEGATIONS

1.      Plaintiff Anna Maria Crowe ("Plaintiff") is an individual residing in Medfield, Massachusetts.  Plaintiff has raised and exhausted her Massachusetts wage-hour claims.

2.      Defendant Examworks Inc. ("Defendant") is Plaintiff's employer at all relevant times and at the present time.  Defendant's business is in the "IME Industry" (independent medical exams, peer and bill reviews and related services) and, in that

1

capacity, among other things, Defendant functions as a workers' compensation administrator, working closely with workers' compensation insurers and providers to administer claims.  Defendant is a national corporation with at least 24 locations servicing all 50 United States and Canada.  Defendant has, through acquisitions, acquired a number of entities, including MES Group/IME Resources LLC.  Defendant's principal place of business is at 3280 Peachtree Road, Suite 2625, Atlanta, GA 30305.  Wesley Campbell is Defendant's President, and J.Miguel Fernandez di Castro is Defendant's Treasurer, and Crystal Patmore is Defendant's Vice President of Human Resources, all with substantial management and control over Defendant's wage-payment systems and processes to the point that Patmore, in particular, has been designated to travel around to Examworks' locations and attempting to convince class members to settle and waive their claims hereunder.  All three individuals are subject to personal liability under federal and Massachusetts statutes for wage-hour violations.

3.      Plaintiff began working for Defendant on March 2012 as a utilization review nurse at Defendant's site at 100 Morse Street, Norwood, Massachusetts.  This location has approximately 80 employees.  Geraldine Dolan ("Dolan") was a supervisor at that location, and responsible for supervising Plainitff.  Michelle Bonestad ("Bonestad") was another supervisor at that location and responsible for supervising other members of the class.

4.      On February 8, 2013, this action was removed to this court from the Norfolk County Superior Court due to the federal question(s) at issue.

5.      In Plainitff's role, together with a number of co-workers, she reviews workers compensation cases within the state guidelines to determine medical necessity of

2

treatment of the injured claimant.  Plaintiff currently also performs drug reviews –

whether an injured claimant is eligible for certain medication.  Across the country, others

were performing the same or similar roles for Defendant Examworks at other locations.

6.     Plaintiff and members of the class were initially classified as "exempt" up

to September 2012, and therefore supposedly not entitled to overtime.  Plaintiff recalls

that in every week she worked during that time, she worked more than 40 hours but was

not paid for these additional hours.  She also never received time to take a meal in that

period of time and worked through meal periods.

7.     During the period of time covered by this case (3 years from the date of

the complaint in Norfolk Superior Court, or January 7, 2013), Plaintiff and members of

the class were improperly classified as "exempt."   All of them were therefore deprived of

overtime earnings (1.5x their regular rate to be determined based on her weekly pay and

hours worked).

8.     On September 28, 2012 (or other dates within the 3 year period), Plainitff

and numerous others throughout the company across the country received a letter by

email that their job duties had been reviewed and they did not qualify as exempt from the

wage-hour laws any longer and were being reclassified as non-exempt under the FLSA.

A copy of that letter is attached hereto as Exhibit A.

9.     Plaintiff and all others similarly situated were then directed to clock-

in/clock-out as hourly employees both at the beginning/end of a day and for meal breaks.

10.     Plaintiff and all others similarly situated did so every day, including

clocking in/out for meal breaks.  However, Plaintiff and all others similarly situated

continued to work right through their meal breaks, with their supervisors knowing it,

3

constantly. They would literally hit the time-out code/button on the computer, keep working, and time-in at least a half hour later. That aside, even if Plaintiff and all others similarly situated were taking their meal breaks (which they were not), the times Plaintiff and all others similarly situated clocked-in/clocked-out at the beginning and end of the day (excluding the meal period clock-out time that, on its face, erroneously suggests no work was being performed) consistently added up to more than 8 hours for the day. When it came time for payroll, Plaintiff and all other similarly situated were only paid as if they worked 8 hours each day, ignoring the fact that the clock-in/out records consistently reflected more than 8 hours, and ignoring the fact that even though the clock-in/out records reflected a meal break, Plaintiff and all other similarly situated worked through their meal breaks.

11.    The records of this are astounding. For example, attached hereto is Plaintiff's paycheck for a two week period from the last week of November/first week of December 2012. As shown thereon, Plaintiff was paid for working exactly 8 hours each day. See Exhibit B attached hereto. Yet, in the time and attendance computer system, Plaintiff's hours were very different. See generally Exhibit C attached hereto. Specifically, on November 26, 2012, she worked 8.7 hours, and that did not include clocking in/out for 30 minutes for lunch. Id. On November 27, 2012, she worked 8.12 hours, and that also did not include clocking in/out for 30 minutes for lunch. Id. On November 29, 2012, Plaintiff worked 8.18 hours, and that did not include clocking in/out for 1 hour for lunch. Id. On November 30, 2012, Plaintiff worked 8.3 hours, and that did not included clocking in/out for 30 minutes for lunch. Id. The same occurred on every other day in Exhibit C, and Plaintiffs clocking records will show it happened nearly every

4

day in every week she worked.  While those same records in Exhibit C would seem to suggest Plaintiff took at least a half hour for a meal break as well, as noted above that was not the case.  Instead, the supervisor of Plaintiff and all other supervisors of all other similarly situated plaintiffs, had required the class of plaintiffs to clock in-/out "for the records" but well-knowing employees were working through their meal breaks despite the records.  This happened with Dolan and Bonestad and upon information and belief, with numerous other supervisors around the company.

12.     Defendant has been altering Plaintiff's hours and the hours of all others similarly situated while they were deemed "non-exempt" employees to avoid paying them for all hours worked and for overtime.  In the period they were deemed "exempt" employee, Defendant has similarly been depriving Plaintiff and the members of the class pay for all hours worked and for overtime.  Dolan and Bonestad have done this at the Norwood location, as have other supervisors, and on information and belief, Dolan and Bonestad and others are doing this upon express or implied instructions from the corporation at-large to avoid paying for all hours worked and for overtime.  In other words, the culture and mantra is to get more than a full day's work out of the staff, but not pay them for it.

13.     Plaintiff and the class members do not have similar records to Exhibit C of their hours in the time they were improperly classified as "exempt" as there was no requirement for them to record those hours, but the records of Plaintiff's time and the class members' time once reclassified as "non-exempt" will demonstrate the average hours each employee worked each week even while "exempt."

5

14. What has been happening to Plaintiff in the above respect has been happening to hundreds of current and thousands of current and former employees nationwide. Supervisors/managers are altering employees' time records when submitting hours to payroll services to deprive of them overtime to meet the mandate of the Defendant, and its President and Treasurer and Vice President of Human Resources, to keep employee expenses down while maximizing revenue generating productivity.

15. Further, upon notice of the complaint filed in Norfolk Superior Court, the defendants have attempted to coerce members of the class into waiving their rights to all wages due. They are being asked to sign agreements in the form attached hereto at Exhibit D which state that they are being paid money "in full settlement" of wages due. Defendant Patmore, on behalf of all defendants, was on-site in Norwood on or about February 7, 2013 engaging in coercive communications with putative class members, failing to properly inform them of all of their rights to wages (including, treble damages, liquidated damages, interest on late payment of wages, wages for meals, wages for hours worked (including overtime) when they were misclassified as exempt), and attempting to get them to sign Exhibit D. Many putative class members did sign Exhibit D but Plaintiff and the class members hereby add a claim for rescission of such contracts or voiding of such contracts as procured by intentional and/or negligent misrepresentations. Plaintiff and the class members also seek injunctive relief preventing Defendants from engaging in such continued behavior until the issues in this case can be properly discovered and fully articulated to members of the class in court approved communications.

6

16.     Plaintiff's claims are typical of the class as she has been in both the erroneous exempt category and since September 28, 2012, in the now victimized non-exempt category. Plaintiff is an adequate class representative without any issues in her credibility that would harm her adequacy. Further, the above common issues of fact predominate, giving rise to common issues of law. Defendant is engaging in a common policy or practice to violate the wage hour laws by altering employees' time records, and Defendant's conduct is willful.

## CAUSES OF ACTION

### Count I:  Violation of Section 206/207 of FLSA - misclassification

17.     Plaintiff and the class members repeat and reallege the above as if fully set forth herein.

18.     Defendants misclassified Plaintiff and all others similarly situated as exempt for a period of time. In that period of time, Defendants deprived Plaintiff and all others similarly situated of payment for all hours worked, including overtime.

19.     Defendants' conduct was willful.

20.     Plaintiff and all others similarly situated hereby demand back pay for 3 years, liquidated damages, and attorneys' fees.

### Count II:  Violation of Section 206/207 of the FLSA:
### Deprivation of Pay for all hours worked/overtime to Non-exempt Employees

21.     Plaintiff repeats and realleges the above as if fully set forth herein.

22.     Defendants deprived Plaintiff and all others similarly situated in their admitted non-exempt of overtime by altering time records of time in/out.

23.     Defendants' conduct was willful.

7

24. Plaintiff and all others similarly situated hereby demand back pay for 3 years, liquidated damages, and attorneys' fees.

### Count III:  Violation of M.G.L. Chapter 151, Section 1A

25. Plaintiff and the class members repeat and reallege the above as if fully set forth herein.

26. Defendants deprived Plaintiff and all others similarly situated in their erroneous exempt classification and non-exempt classification of overtime.

27. Defendant's conduct was willful.

28. Plaintiff and all others similarly situated hereby demand back pay for a 2 year period, treble damages and attorneys' fees.

### Count IV:  Violation of M.G.L. Chapter 149, Section 148

29. Plaintiff and the class members repeat and reallege the above as if fully set forth herein.

30. Defendants deprived Plaintiff and all others similarly situated in their erroneous exempt classification and non-exempt classification of pay for all hours worked.

31. Defendant's conduct was willful.

32. Plaintiff and all others similarly situated hereby demand back pay for a 3 year period, treble damages and attorneys' fees.

### Count V:  Rescission of/Voiding Of Contracts Signed

33. Plaintiff and the class members repeat and reallege the above as if fully set forth herein.

8

34.    To the extent members of the class signed agreements with Defendants (such as in Exhibit D hereto) and were not fully informed of their rights under the wage laws, and all relief that they are entitled to under the wage act, and to the extent, after discovery, members of the class felt coerced in their signing of those agreements, those agreements should be rescinded when they purport to be in "full settlement" of all wages that must be due.  Alternatively, those documents should be declared null and void under the reasoning of Crocker v. Townsend Oil (SJC December 17, 2013) and case law under the Fair Labor Standards Act requiring court approval before the "full settlement" of any wage claims.

PLAINTIFF AND THE CLASS MEMBERS HEREBY DEMANDS A TRIAL BY JURY.

WHEREFORE, PLAINTIFF HEREBY REQUESTS THAT THIS COURT:

1.    Certify this case for collective action treatment under the FLSA and class treatment under Massachusetts law and appoint the undersigned as class counsel.

2.    Enjoy defendant from communicating with class members about wages that may be due to them and procuring waivers of same without court processes.

3.    Enter judgment in Plainitff's favor and in favor of the class of persons represented hereby.

4.    Award damages, liquidated and/or treble damages.

5.    Award plaintiff and the class attorneys' fees and costs of suit.

6.    Rescind or declare null and void any agreements signed by any putative class members.

9

Respectfully submitted,

PLAINTIFF, on her behalf and on behalf of all others similarly situated.

By their counsel,


/s/ Peter F. Russell
Peter F. Russell, Esq.
RUSSELL & ASSOCIATES, LLC
200 Highland Avenue, Suite 304
Needham, MA 02494
(781) 444-5151

Dated: February 11, 2013